IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SIMMS, | Case No. 1:16-cv-852 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| TODD HOUGLAN, *et al.*, | |
| Defendants. | **REPORT & RECOMMENDATION** |

**I.     Introduction**

Ohio inmate Timothy Simms brought this action under 42 U.S.C. § 1983 alleging that defendants – medical professionals employed by the Ohio Department of Rehabilitation and Correction – violated his right to be protected from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  According to Simms, this happened when defendants acted with deliberate indifference to two of his serious medical needs.  Defendants moved to dismiss the complaint on September 11, 2017.  ECF Doc. 8.  Simms filed a memorandum in opposition to the motion to dismiss on September 25, 2017.  ECF Doc. 9.  Although defendants requested and received leave to file a reply in support of their motion by October 23, 2017, they filed no reply brief.  Because Simms has not stated claims upon which relief can be granted, I recommend[1] that the court DISMISS Simms's complaint.

---

[1] The matter is before the undersigned pursuant to an order of reference issued by Judge Donald C. Nugent on July 18, 2017.  That order referred the case for general pretrial supervision.  Implicit within that order of reference is the obligation to file a report and recommendation on any case-dispositive motions.

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that "a party may assert the following defenses by motion:  * * * (6) failure to state a claim upon which relief can be granted."  Although a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

129 S.Ct. at 1949 (internal citations omitted).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences

2

in favor of the plaintiff." *Directv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009).

Simms has attached to his complaint thirty-six pages of records documenting proceedings arising from grievances he filed related to the medical treatment he received. ECF Doc. 1-1, Page ID# 7-42. According to Rule 10(c), Fed. R. Civ. P., "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Because the grievance file materials were attached to Simms's complaint, the court may consider them in deciding defendants' Rule 12(b)(6) motion and in determining the sufficiency of plaintiff's statements of his claims. In contrast, if the court were to consider documents not attached to the pleadings, the motion to dismiss would be converted into a motion for summary judgment in accordance with Rule 12(d), Fed. R. Civ. P. *Whittiker,* 605 F.Supp.2d at 924. Here, neither party has submitted extra-pleading documents.

The defendant has the burden of showing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo. Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

## III. Facts Asserted by Plaintiff

As noted above, the court is required to accept Simms's allegations as true when deciding a motion to dismiss. For this reason, the pertinent facts, as stated in Simms's complaint, are as follows:

> This complaint involves long-term and repeated denial of medical care, including a refusal to conduct proper and prescribed testing for diagnosis, for admittedly cost-based reasons; and resultant exacerbation of the medical problems, as well as unnecessary infliction of pain and suffering due to the denial of readily-available medical care, due to the deliberate indifference to the serious medical needs of the Plaintiff herein by each of the two defendants, in their individual and official capabilities, by acting under color of state law and both within and outside the scope of their duties by their acts and conduct complained of herein. This case involves two separate medical issues suffered by Plaintiff, both of which he has been refused proper diagnosis and proper treatment therefor.
>
> In November, 2010, Plaintiff suffered a foot injury and was initially prescribed a "walking boot" without any substantive testing for diagnosis, despite repeated prescriptions therefore by the ODRC/GCI podiatrist, who affirmatively states, repeatedly, that no proper diagnosis can be made without proper testing. The testing has been denied for cost-based reasons as stated by the defendants herein. The walking boot caused stress and pain to Plaintiff's knee and irritation, rash and swelling to the affected contact areas. The palliative pain medication initially prescribed was discontinued with no adequate substitute, and to this date, despite five years' worth of requests and exhausted grievances (Attached), no diagnosis has been made. Defendant Houglan is the Chief Medical Officer who consistently refuses to obtain and provide a diagnosis of the issues in Plaintiff's foot. Defendant Hannah is the Health Care Administrator who also refuses to provide adequate medical care to Plaintiff. Defendant Dr. Eddy is the Chief Medical Officer for the Ohio Dept. of Rehab. & Corr. And who continues to refuse to approve proper diagnostic testing ordered by the ODRC/GCI podiatrist as necessary to provide a proper diagnosis of Plaintiff's foot injury as necessary to provide adequate medical care.
>
> The second medical issue is a palpable tumor-like lump in Plaintiff's left chest area which, over the years since he has unsuccessfully sought diagnosis and treatment, has increased in size and mass and is adversely affecting Plaintiff's lung function as well as causing near constant pain.
>
> The defendants herein refuse[d] to provide [any] proper examination or diagnosis and refuse[d] to provide any treatment for the ongoing problem, despite having been repeatedly requested to do so.

> Moreover, Defendant Hannah, when presented with Plaintiff's concern for his life, made the statement "Well, you better make peace with God then." In response, while denying any diagnostic testing or medical care or treatment whatsoever for the problem.
>
> The claims presented in this Complaint expressly present a claim of denial of any diagnosis and treatment. This is not a "disagreement with diagnosis" issue, but rather expressly a "refusal to diagnose" issue, along with denial of medical care.

ECF Doc. 1, Page ID# 3-5.

Simms disparages the medical treatments he has received. Essentially, he alleges defendants failed to utilize appropriate diagnostic techniques and failed to provide treatment in light of what he believes correct diagnostic testing would have revealed: "The claims presented in this Complaint expressly present a claim of denial of any diagnosis and treatment. This is not a 'disagreement with diagnosis' issue, but rather expressly a 'refusal to diagnose' issue, along with denial of medical care." EFC Doc. 1, Page ID# 5. Regarding his foot, Simms was diagnosed with plantar fasciitis and degenerative issues. *See e.g.* ECF Doc. 1-1, Page ID# 11. He was prescribed a boot to wear on his foot. But, in March 2012, Simms decided to limit his boot-wearing because it caused pain in his foot and knee. Id., Page ID# 10. Also, he wanted a consultation with a foot doctor "that had been previously ordered" and an MRI. ECF Doc. 1-1, Page ID# 8. In February 2013, Simms was advised that he could undergo a left foot fusion. Simms disagreed and insisted that he needed an MRI, which would pinpoint the problem with his foot and reveal treatment options other than a fusion of his bones.[2] ECF Doc. 1-1, Page ID# 13. Simms has alleged that the failure to order the MRI and the recommendation of a bone fusion was "malpractice and lack of medical treatment." Id.

---

[2] The documents attached to Simms's complaint also show that Simms is obese. ECF Doc. 1-1, Page ID# 18, 23-25, 31, 41. Despite medical advice that losing weight would alleviate his foot pain, Simms has asserted that weight loss is irrelevant to the foot condition he has been experiencing. ECF Doc. 1-1, Page ID# 16.

5

In 2014, Simms disagreed with an ODRC system–wide removal of the prescription medication Neurontin from the formulary of drugs that could be prescribed to inmates and its replacement with Dilantin. Simms's existing prescription for Neurontin had not been filled before the system-wide change to Dilantin. ECF Doc. 1-1, Page ID# 19. Simms continued to request a referral to a nerve specialist and an MRI. Id. at Page ID# 20.

In March 2015, Simms filed an informal complaint stating that he had been to podiatry for the fifteenth time and had seen the medical doctor ten times for what he characterized as a "benign tumor under my left armpit." ECF Doc. 1-1, Page ID# 27. X-rays were taken of this lump in Simms's chest or armpit, but Simms felt that more or different diagnostic testing should be done. However, Simms's documents reveal that he had a second round of ultrasound of the left breast on May 8, 2013 and "both tests were negative." Id. Page ID# 17-18. According to the records plaintiff submitted, between January and June 2015, Simms made no complaints of any cyst in his axilla. Id. at Page ID# 31. In January 2016, Simms complained to medical staff that he "would probably be dead" by the time he got a proper diagnosis. He alleges that the nurse[3] walking with him to his EKG testing responded by saying that he "better make peace with God then." This comment infuriated Simms, who continued to seek a referral to a nerve specialist, an MRI and "proper" diagnosis and treatment of his cyst or benign tumor. ECF Doc. 1-1, Page ID# 27.

**IV. Parties' Arguments**

Defendants argue that Simms failed to meet the Rule 8(a)(2) standard requiring a short, plain statement of facts. They contend that he has not met the *Twombly* standard because it

---

[3] Simms's complaint alleges that the statement was made by Health Care Administrator David Hannah, ECF Doc. 1, Page ID# 5, but the grievance documents indicate the statement was actually made by a Nurse Smith. ECF Doc. 1-1, Page ID# 33, 34, 37.

6

cannot be deduced from the body of his complaint: 1) when he encountered defendants, and 2) what care they provided. Defendants argue that the attached grievance documents obviate Simms's claim(s) because they evidence extensive medical treatment and testing. Finally, defendants assert that Simms's claims are barred by the two-year Ohio statute of limitations that applies to § 1983 actions brought by claimants like Simms. ECF Doc. 8, Page ID# 116-118.

Simms's opposition memorandum argues that he cannot be faulted for the form of his complaint because he used a form provided to him by the prison law library for filing a civil rights complaint. He argues that he has stated a claim for "deliberate indifference to serious medical need," "violation for the Eighth Amendment," and "specific acts of refusing to provide medical care and diagnosis." Simms also represents that, after filing this lawsuit, he was provided with some of the necessary medical care defendants had consistently denied him for five years. ECF Doc. 9, Page ID# 121-122.

**V.     Law & Analysis**

    **A.     Eighth Amendment Violation**

An Eighth Amendment violation occurs if a prison official acts with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Asserting "that a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." Id. at 106. For a claim to be cognizable, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. It is only this indifference that offends the "'evolving standards of decency' . . . of the Eighth Amendment." Id. *See also Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009).

A constitutional claim for deliberate indifference has both an objective and a subjective component.  *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  To satisfy the objective component, a prisoner must show the existence of a "sufficiently serious" medical need.  *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Thus, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Id. (citations and internal quotation marks omitted).  Further, the Sixth Circuit has held that "a medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990))

The subjective component, in contrast, requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).  Thus, the central question is whether prison medical officials subjectively perceived a substantial risk to the inmate and then disregarded it.  This subjective standard "is meant to prevent the constitutionalization of medical malpractice claims." *Comstock*, Id.;  However, "a plaintiff need not show that the officer acted with the specific intent to harm." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 540 (6th Cir. 2008).  In regard to the subjective component, the "issue is (1) whether the facts when viewed in the light most favorable to the [plaintiff] show that the Defendants had subjective knowledge of [plaintiff's] serious need for medical attention; and (2) provided they did, whether the Defendants disregarded that need."  Id.

8

In evaluating a deliberate indifference claim, the court must "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). When a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." Id. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." Id.

Eighth Amendment claims fail when a plaintiff-inmate acknowledges that prison medical personnel treated him but complains that they denied him "more aggressive treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). In other words, "[a] disagreement over the course of treatment is insufficient to state a cause of action under 42 U.S.C. § 1983." *Clark v. Gardner*, 895 F.2d 1412, 1412 (6th Cir. 1990) (table) (citing *Westlake*, 537 F.2d at 860 n.5). *See also Shofner v. Comacho*, 230 F.3d 1359 (table), 2000 WL 1359633 (6th Cir. 2000).

Simms alleges that the defendants violated his rights under the Eighth Amendment by failing to utilize appropriate diagnostic tools and techniques so that they could, in turn, provide him with proper medical treatments for his foot and benign cyst. The documents attached to Simms's complaint unmistakably show that he received diagnoses and treatments for both his foot pain and the cyst in his axilla. Simms's complaint documents 15 visits to podiatry and 10 visits to the medical doctor for his axillary lump. ECF Doc. 1-1, Page ID# 27. More than one course of foot treatment was offered to Simms, including a boot, foot soaks, medication, and a suggested foot fusion. Simms was also counseled to lose weight in order to ameliorate foot pain. Ultrasounds and x-rays of Simms's cyst were taken and, at some point, it was determined that his cyst was benign.

9

Simms is not alleging that defendants failed to treat him at all; instead, he contends they failed to utilize proper diagnostic techniques and prescribed treatment modalities that either caused him harm (in the case of his foot) or were ineffective to resolve his problems (foot and axillary cyst).  He contends these steps were taken to save money and in spite of earlier recommendations for more aggressive techniques.  He also complains about his inability to obtain "the only thing that somewhat worked," referring to the drug Neurontin.  ECF Doc. 1-1, Page ID# 13.  His grievance documents reveal the gravamen of his complaints: he believes defendants' conduct amounted to "malpractice and lack of medical treatment."  Id.

Simms's allegations are similar to those of the plaintiff in *Shofner v. Comacho*, 230 F.3d 1359 (Table), 2000 WL 1359633 (6th Cir. 2000).  There, Shofner alleged a long history of medical problems with his back for which he had historically received various treatments and surgeries.  Before his incarceration, Shofner's doctor had recommended another surgery.  Shofner told prison medical personnel of the surgical recommendation, but they declined to follow it and instead prescribed various medications.  Much like Simms, Shofner alleged that "Defendants' insistence on 'continuing a course of treatment that they knew or certainly should have known was ineffective' rather than ordering surgical intervention violate[d] his Eighth Amendment right.  Id. at *1.  Upon *de novo* review, the Sixth Circuit concluded Shofner had failed to state a claim upon which relief could be granted because his complaint concerned a:

> [D]isagreement with the treatment provided by the Defendants.  He has not claimed that the Defendants refused to see him or provide medical treatment at all.  Indeed, he states, and the medical records confirm, that he was repeatedly examined by the Defendants, prescribed various medications, and given physical therapy.  Rather, Shofner feels that the Defendants should provide him the treatment Dr. Bloss recommended.  But a difference of opinion regarding medical treatment or Shofner's need for back surgery is insufficient to state a claim under the Eighth Amendment.  *See Estelle,* 429 U.S. at 107; *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). Accordingly, Shofner's Eighth Amendment claim was properly dismissed for failure to state a claim upon which relief may be granted.

Id. at *2.  Here, Simms alleges that some medical personnel had recommended an MRI study for his foot or consultation with nerve specialists, but others ruled out that approach and provided alternative treatments instead.  He alleges that the alternative approaches were ineffective to treat him.  He claims this was malpractice.  The pleadings also make clear that Simms did not follow his medical recommendations closely.  He concluded that weight loss had nothing to do with his plantar fasciitis, and he decided not to wear his prescribed boot, even though he was told it would be painful during an adjustment period.

Considering the objective component of the deliberate indifference analysis, the court must examine whether Simms has alleged that "a prison official's act or omission [has] result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Here, Simms alleges that the prison medical staff prescribed a boot to treat his plantar fasciitis that made his pain worse and failed to order an MRI or refer him to a recommended specialist.  And he contends his axillary cyst was not appropriately tested.  These allegations seem insufficient to assert that Simms was denied the minimal measure of life's necessities.  Given the need to accept Simms's version of the facts at the Rule 12(b)(6) stage of the case, the court need not decide the matter on that basis.

Even if the court were to find that the objective component of the deliberate indifference test had been adequately alleged, it plainly cannot do so in regard to the subjective component.  For that part of the standard, the "issue is (1) whether the facts when viewed in the light most favorable to the [plaintiff] show that the Defendants had subjective knowledge of [plaintiff's] serious need for medical attention; and (2) provided they did, whether the Defendants disregarded that need." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 540 (6th Cir. 2008).  Simms has alleged that defendants had subjective knowledge of his serious need for medical attention.

11

But he has not and cannot allege, given the content of his pleading, that the defendants simply disregarded that need.

Even construing the allegations in the pleadings in a light most favorable to Simms leads to the unmistakable conclusion that Simms felt the methods chosen by defendants were inadequate. But a plaintiff's challenge to the adequacy of medical treatments received does not state a claim upon which relief can be granted. *See Graham ex rel. Estate of Graham v. Cty. of Washtenaw,* 358 F.3d 377, 385 (6th Cir. 2004). Simms's complaint has not alleged facts sufficient to establish that the defendants failed to provide at least some treatment for his medical conditions. Instead, Simms submitted documents showing that he received extensive medical treatments and that he rejected some of the recommended treatments. Defendants did not disregard Simms's serious medical needs, and he cannot state a viable Eighth Amendment claim as a result. *Estelle,* 429 U.S. at 106; *See also, McKinney v. Kasich,* 2017 U.S. App. LEXIS 19348 at *7-*9 (6th Cir. 2017); *Anthony v. Swanson,* 2017 U.S. App. LEXIS 12681 at *7-*8 (6th Cir. 2017). I recommend dismissal of Simms's complaint on this basis.

### B.     Statute of Limitations

Defendants also contend that Simms's claims may be barred by the applicable statute of limitations. Defendants assert that Simms has failed to allege the dates and specific actions he is challenging in this lawsuit. Nonetheless, defendants point to some of the attached documents and argue that he is challenging treatment he received as early as 2012. Although § 1983 claims are subject to a two-year statute of limitations, See *Browning v. Pendelton,* 869 F.2d 989, 992 (6th Cir. 1989), it is unclear from the facts alleged in Simms's complaint that his claim would necessarily be barred by this statute. More information would be required in order to determine when Simms's claimed causes of action accrued and the statute of limitations began to run

before the court could conclude that these claims are time barred. However, because Simms has failed to state a valid § 1983 action based upon an Eighth Amendment violation, defendants' statute of limitations argument can be overruled on mootness grounds given the recommended conclusion that Simms has failed to state a claim upon which relief may be granted.

## VI. Recommendation

Because Simms only alleges that defendants provided inadequate medical diagnoses and treatments and cannot state a claim that there was deliberate indifference to his serious medical needs, I recommend that the court DISMISS Simms's complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: January 24, 2018

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See** *U.S. v. Walters*, **638 F.2d 947 (6th Cir. 1981). See also** *Thomas v. Arn,* **474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**