IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SIMMS, | ) | CASE NO. 1:16CV852 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD HOUGLAN, et al., | ) | ORDER ADOPTING MAGISTRATE'S |
| | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate

Judge Thomas M. Parker. (ECF #11). Plaintiff, Timothy Simms ("Mr. Simms") filed Objections

to the Report and Recommendation. (ECF #14). The Report and Recommendation, issued on

January 24, 2018, is hereby ADOPTED by this Court.

Mr. Simms filed a pro se Complaint against Defendants Todd Houglan, David Hannah and

Dr. Eddy ("Defendants") on April 11, 2016. (ECF #1). Mr. Simms is an inmate at the Grafton

Correctional Institution in Lorain County, Ohio, and Defendants are medical professionals

employed by the Ohio Department of Rehabilitation and Correction. Mr. Simms brought this

action under 42 U.S.C. § 1983, alleging that Defendants violated the Eighth Amendment when

they acted with deliberate indifference to his medical needs. (See ECF #1).

Defendants filed a Motion to Dismiss the Complaint on September 11, 2017, arguing that

Mr. Simms failed to state a claim upon which relief may be granted and that Mr. Simms' claims

are time-barred. (ECF #8). Mr. Simms timely filed an Opposition brief. (ECF #9).

Magistrate Judge Parker reviewed the medical evidence in light of Mr. Simms' claims that

Defendants refused to provide medical care and diagnose his two medical conditions, foot pain and a cyst in his axilla. Mr. Simms argues that this is not a "disagreement with diagnosis" issue, but rather, a "refusal to diagnose" and provide medical care issue. (ECF #1, Page ID #3-5). Magistrate Judge Parker indicates that despite Mr. Simms' claim, "the documents attached to [Mr. Simms'] complaint unmistakably show that he received diagnoses and treatments" for his foot and cyst. (ECF #11, p. 9). In fact, records indicate that Mr. Simms routinely disagreed with the diagnoses and care provided by the treating physicians, and at times, even rejected some of the recommended treatments. Magistrate Judge Parker indicated that this shows that Mr. Simms is clearly challenging the adequacy of the care provided. (See ECF #11, p. 12).

The Magistrate Judge indicates that an Eighth Amendment claim fails when a plaintiff-inmate acknowledges that prison medical personnel treated him but complains that they denied him "more aggressive treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). A disagreement over the course of treatment is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Clark v. Gardner*, 895 F.2d 1412 (6th Cir. 1990)(citation omitted). Therefore, absent evidence to show that Defendants disregarded Mr. Simms' medical needs, there is no viable claim that Defendants violated the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976).

For these reasons, Magistrate Judge Parker recommends the dismissal of Mr. Simms' Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Having dismissed the complaint based upon failure to state a valid § 1983 action, Magistrate Judge Parker finds the statute of limitations argument moot.

This Court has reviewed the Report and Recommendation *de novo, see Massey v. City of*

*Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, motions and filings of the parties. After careful evaluation, this Court find that Magistrate Judge Parker's Report and Recommendation is thorough, well-written, well-supported and correct in its conclusions. This Court, therefore, adopts the findings of fact and conclusions of law of Magistrate Judge Parker as its own.

Therefore, this Court ADOPTS the Report and Recommendation (ECF #11) in its entirety and Mr. Simms' Complaint (ECF #1) is DISMISSED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 20, 2018